## GILBERT ET UX. *v.* WELSCH, ADM'R.

WILL.—*Construction.*—A testator bequeathed a certain sum to his daughter A., directing in his will that it "is not to be paid to her as long as she remains the wife of her present husband, but is to be put at interest by my executor, and the interest paid to her in person. If her husband dies before her, said money is then to be paid to her. If she dies before her said husband, then said money is to go to her children, if any; and if she leaves no descendants, then the same to revert to my estate." After the testator's death, A. procured a divorce from her said husband, and intermarried with another man, and subsequently, after demand, sued the executor of said will to recover the amount of said legacy held by him.

*Held,* that, as she was no longer the wife of the husband alluded to in the will, she was entitled to recover.

From the Clarke Circuit Court.

*C. Baker, O. B. Hord* and *A. W. Hendricks,* for appellants.
*C. P. Ferguson,* for appellee.

WORDEN, J.—This was an action by the appellants against Allen Barnett, executor of the last will and testament of John Denny, deceased. Since the pendency of the cause here, the death of Barnett has been suggested, and Campbell Welsch, administrator *de bonis non,* with the will annexed, has been substituted as appellee in the cause.

Agnes C. Gilbert, the female plaintiff, is the daughter of the testator, called "Aggie" in the will hereinafter set out.

At the time of the execution of the will, she was the wife of one Nicholas Ryan; but since the death of the testator she has procured a divorce from said Ryan, and has intermarried with Isaac Gilbert, by whom she has issue.

The following is the will, so far as it bears upon the question involved:

" 1st. I give to each of my children one thousand dollars; but I direct that the thousand dollars herein bequeathed to my daughter Aggie is not to be paid to her as long as she remains the wife of her present husband, but is to be put at interest by my executor, and the interest paid to her in person. If her husband dies before her, said money is then to be paid to her. If she dies before her said husband, then said money is to go to her children, if any; and if she leaves no descendants, then the same to revert to my estate."

" 4th. After four years' time, all the remaining portion of my real estate, both in Indiana and elsewhere, is to be sold and conveyed by my executor, and the proceeds equally divided among my children; but the portion of the same which may go to my daughter Aggie is to be invested for her benefit, upon the same limitations and conditions, and go in the same way as is above provided in regard to the one thousand dollars above bequeathed to her."

It is alleged in the complaint that the executor received from the estate the sum of three thousand dollars, devised by the will to said Agnes, and holds the same in trust for her, by virtue of the terms of the will; that she has demanded the same from him, which he refuses to pay. Prayer for an accounting and for the recovery of the money.

The executor demurred to the complaint for want of sufficient facts, and the demurrer was sustained, the plaintiffs excepting. Final judgment for the defendant.

The error assigned is upon the ruling in sustaining the demurrer.

We have no brief for the appellee, and are, therefore, not advised upon what particular ground the demurrer was sustained, or in what respect the complaint was supposed to

have been defective. We see, however, no defect in the complaint, if, on the facts hereinbefore stated, the plaintiff Agnes is entitled by the terms of the will to the money.

The polar star to guide in the construction of wills is the intention of the testator.

The prominent and leading purpose of the testator in respect to "Aggie" seems to have been that she should have the money bequeathed to her, but that it should not be paid to her while she remained the wife of the man who was then her husband. His language is, after making the bequest, "but I direct that the thousand dollars herein bequeathed to my daughter Aggie is not to be paid to her as long as she remains the wife of her present husband." Were we to stop here with the reading, the inference would be irresistible that the testator intended that the money should be paid to her, whenever she should cease to be the wife of the one who was then her husband. The will proceeds, immediately after the words quoted, to make provision for the disposition of the money, in the event and as long as she remained the wife of the husband specified. After the language quoted, the will proceeds, "but," etc., showing that the subsequent provisions in respect to this money were intended to provide only for its disposition in case she should continue to be the wife of the indicated husband. The portion of the clause directing that if her husband should die before she did, the money should be paid to her, and that directing the disposal of the money in case she should die before her said husband, cannot be regarded as independent provisions. They must be taken in connection with what precedes them, and when thus taken, it seems to us to be clear that the first was intended to meet the case of *his* death, while she continued to be his wife, and the second the case of *her* death, while she thus continued to be his wife.

As was said by the Master of the Rolls, in the case of *Webster* v. *Hale*, 8 Ves. 410, "the word 'but' is a disjunctive and adversative. It opposes one case to another, and implies that the children are to take in an event different

from that in which the parent is to take." See, also, *Rand-field* v. *Randfield*, 8 H. L. Cas. 225.

As Agnes is no longer the wife of the husband alluded to in the will, she is entitled, as we think, by the terms of the the will, to the money specified in both clauses of the will set out.

It follows that the court below erred in sustaining the demurrer to the complaint.

The judgment below is reversed, with costs, and the cause remanded, with instructions to the court below to overrule the demurrer.